711 A.2d 1367 (1998)
312 N.J. Super. 573
MANHATTAN WOODS GOLF CLUB, INC., Plaintiff-Appellant/ Cross-Respondent,
v.
Terumasa ARAI, Defendant-Respondent/ Cross-Appellant, and
Steven Morgan, Defendant.
Superior Court of New Jersey, Appellate Division.
Argued June 2, 1998.
Decided June 22, 1998.
*1368 Andrew M. Epstein, Chatham, for plaintiff-appellant/Cross-respondent (Epstein, Epstein, Brown & Bosek, attorneys; Nancy Isaacson, on the brief).
Jonathan J. Lerner, Roseland, for defendant-respondent/cross-appellant (Starr, Gern, Davison & Rubin, attorneys; Ronald L. Davison and Mr. Lerner, of counsel and on the brief).
Before Judges LONG, STERN, and KIMMELMAN.
The opinion of the court was delivered by
KIMMELMAN, J.A.D.
Plaintiff appeals from the dismissal of its complaint against defendant Terumasa Arai by way of summary judgment based upon the entire controversy doctrine. Plaintiff sought damages for conversion, breach of fiduciary duty, and tortious interference with its business. The complaint against former defendant Steven Morgan was withdrawn on jurisdictional grounds. Defendant cross-appeals from the denial of his claimed entitlement to counsel fees under both R. 1:4-8(b)(2) and the frivolous lawsuit statute, N.J.S.A. 2A:15-59.1.
Plaintiff corporation was organized to construct a golf course in New York. Defendant was president and a director of plaintiff, and Morgan was an officer and director of plaintiff. The allegation of the complaint was that defendant and Morgan siphoned off approximately $390,000 from plaintiff by way of conversion and excessive charges for expenses, some of which claimed expenses were illusory. Defendant and Morgan caused plaintiff to file a voluntary petition for bankruptcy in the Southern District of New York. For reasons not made clear in the record, the voluntary petition was converted into a Chapter 11 proceeding under the bankruptcy law. Plaintiff reorganized, and its reconstituted board of directors discharged both defendant and Morgan.
In the bankruptcy proceeding, defendant filed a proof of claim alleging that plaintiff owed him $470,000, pursuant to a long-term employment contract. Morgan also filed a proof of claim alleging $1,383,333 due from plaintiff. Plaintiff objected and denied both claims. The claims of both defendant and Morgan were dismissed by the Bankruptcy Court. On appeal by defendant and Morgan, the dismissal of their claims was affirmed by the United States District Court for the Southern District of New York.
On July 30, 1993, the Bankruptcy Court confirmed plaintiff's first plan of reorganization. *1369 The confirmation order, in pertinent part, provided that:
12. The Debtor [plaintiff] must file any actions to recover transfers voidable under Sections 543, 544, 547, 548, 549, or 550 of the Bankruptcy Code within ninety (90) days of the entry of this Order, except that nothing herein shall be deemed to deprive the Debtor of any rights it may have under applicable New York State law to proceed in an appropriate forum that the Debtor would have absent the commencement of the instant Chapter 11 case.

[ (Emphasis added).]
On April 16, 1996, the bankruptcy case was closed. The complaint herein was filed in the Law Division on October 16, 1996.
On appeal, plaintiff contends that paragraph 12 of the confirmation order was inserted to preserve its rights to pursue any claim it might have available to it under New York law in "any appropriate forum." We agree with plaintiff's position and therefore reverse.
The operative facts and general law are not in dispute.
New Jersey's long-standing entire controversy doctrine requires joinder in one action of all legal and equitable claims related to a single underlying transaction. R. 4:30A; e.g., Oliver v. Ambrose, 152 N.J. 383, 392, 705 A.2d 742 (1998); Mystic Isle Dev. Corp. v. Perskie & Nehmad, 142 N.J. 310, 322, 662 A.2d 523 (1995). This tenet "encompasses `virtually all causes, claims, and defenses relating to a controversy,'" including counterclaims and cross-claims. Oliver, supra, 152 N.J. at 394, 705 A.2d 742 (quoting Cogdell v. Hospital Ctr. at Orange, 116 N.J. 7, 16, 560 A.2d 1169 (1989)); Mystic Isle, supra, 142 N.J. at 323, 662 A.2d 523. It is not necessary that the claims share any "commonality of legal issues," as long as the "distinct claims are aspects of a single larger controversy because they arise from interrelated facts." DiTrolio v. Antiles, 142 N.J. 253, 271, 662 A.2d 494 (1995). "[I]t is the factual circumstances giving rise to the controversy itself ... that triggers the requirement of joinder to create a cohesive and complete litigation." Mystic Isle, supra, 142 N.J. at 323, 662 A.2d 523. However, underlying the entire controversy doctrine are the principles of "fairness to the parties and fairness to the system of judicial administration." Gelber v. Zito Partnership, 147 N.J. 561, 565, 688 A.2d 1044 (1997).
In that context, we observe that the Bankruptcy court does not have a mandatory joinder rule akin to R. 4:30A. While we acknowledge that plaintiff's claim against defendant could have been asserted in the Bankruptcy Court, it was not compulsory for plaintiff to do so. Further, in a Chapter 11 proceeding, 28 U.S.C.A. § 1334(c)(1) gives a federal court[1] the right to abstain from hearing a claim related to the bankruptcy proceeding, but arising under state law.
In our view, the clear language of paragraph 12 of the confirmation order conferred upon plaintiff the right to assert any claim which arose under "New York State law" in any appropriate forum. It is not our province to question why the Bankruptcy Court declined to entertain such claims, but chose instead to give plaintiff the right to proceed on any such claim in another appropriate forum. Obviously, the Bankruptcy Court deemed it fair and reasonable to divorce plaintiff's affirmative claims from the action pertaining to the proof of claim submitted by defendant. 28 U.S.C.A. § 1334(c)(1). We must give full faith and credit to the ruling of that court. See 28 U.S.C.A. § 1738; Security Benefit Life Ins. Co. v. TFS Ins. Agency, Inc., 279 N.J.Super. 419, 424, 652 A.2d 1261 (App.Div.), certif. denied, 141 N.J. 95, 660 A.2d 1194 (1995).
To be sure, the present assertion by plaintiff of its claim against defendant is a fragment of the entire controversy which enveloped the parties. Nevertheless, the court having initial and original jurisdiction over the case has, by formal order, allowed the controversy to be fragmented and has afforded plaintiff the right to institute its claim, which arose under New York law, in any appropriate jurisdiction. In view of the express grant to plaintiff contained in paragraph *1370 12 of the confirmation order, we do not read Mortgagelinq Corp. v. Commonwealth Land Title Ins. Co., 142 N.J. 336, 338, 662 A.2d 536 (1995) to require a different result. See also Oliver, supra, 152 N.J. at 393, 705 A.2d 742.
The entire controversy doctrine is not so intransigent that it must be applied to foreclose an action which another jurisdiction has declined to hear by formal order. Watkins v. Resorts Intern. Hotel & Casino, 124 N.J. 398, 413-14, 591 A.2d 592 (1991) (stating that a related claim raised in a second action will not be barred where the court in the first action either lacked jurisdiction to hear it or "`declined to exercise [jurisdiction] as a matter of discretion'") (quoting Restatement (Second) of Judgments § 25 cmt. e (1982)).
For those reasons, the dismissal of plaintiff's complaint is reversed. Our ruling automatically disposes of defendant's cross-appeal from the trial court's ruling denying sanctions. That ruling is affirmed.
NOTES
[1] A Bankruptcy Court is a unit of the Federal District Court for the district in question. 28 U.S.C.A. § 151.